JUDGE CASTEL

11 CIV 3075

SHUKAT ARROW HAFER WEBER
& HERBSMAN, LLP
111 West 57th Street, Suite 1120
New York, New York 10019
212-245-4580
Dorothy M. Weber, Esq. (DW 4734)
*Attorneys for Publications International, Ltd.*

RECEIVED
MAY 05 2011
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
PUBLICATIONS INTERNATIONAL, LTD.,

        Plaintiff,

    -against-

ANDREWS MCMEEL PUBLISHING, LLC,
and HUGH T. ANDREWS

        Defendants.

---------------------------------------------------------------X

_____ ( __ )

**COMPLAINT**

Plaintiff Publications International, Ltd. (hereinafter "Plaintiff" or "PIL"), by its attorneys, Shukat Arrow Hafer Weber & Herbsman LLP, and complaining of Defendant Andrews McMeel Publishing, LLC ("AMP") and Hugh T. Andrews ("Andrews") (hereinafter, collectively, referred to as "Defendants"), alleges as follows:

### Nature of the Action

1. This is an action against AMP and Andrews for false designation of origin, false advertising and federal unfair competition pursuant to 15 U.S.C. § 1125(a); a declaratory judgment that AMP has no protectable trade dress in its Infringing Products, and that PIL's products are not infringing in any event;

common law trademark infringement; common law unfair competition, and for violation of the New York General Business Law §§360-l and 349.

## The Parties, Jurisdiction and Venue

2. Plaintiff PIL is an Illinois Corporation having a principal place of business at 105 Madison Avenue, Suite 3A, New York, New York and 7373 North Cicero Avenue, Lincolnwood, Illinois.

3. Defendant AMP is, upon information and belief, a Kansas limited liability company with its principal place of business at 1130 Walnut Street, Kansas City, Missouri 64106. AMP distributes its products throughout the United States and in this State and County.

4. Upon information and belief, Defendant Andrews is an owner of Defendant AMP and is responsible for the day-to-day operation of AMP, and personally directed and is otherwise personally responsible for the acts of unfair competition and infringement alleged herein.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, 15 U.S.C § 1051, *et. seq.* and principles of supplemental jurisdiction pursuant to 28 U.S.C. §1367. The claims herein arise under § 1125(a) of the Trademark Act of 1946, as amended, and the common law. This is also an action for a declaratory judgment pursuant to 28 U.S.C. § 2201.

6. Personal jurisdiction is proper because Defendants have transacted and conducted business in this district.

7. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391. Both parties transact business in this judicial district and a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS

### A. Plaintiff's Mark

8. Plaintiff PIL is one of the leading publishers of books and periodicals in the United States.

9. In or about January, 2007, PIL created and began selling a line of puzzle and brain teaser books under the trademark "Brain Games" (the "Mark"). The series consists of over fifty-nine (59) titles which have sold in excess of five (5) million copies.

10. These books have been sold and distributed through Wal-Mart, Publishers Clearing House, Barnes & Noble bookstores, Display Marketing, Clubs, Indigo bookstores, department stores, grocery stores, drug stores and direct marketing catalogs, and others.

11. These books have enjoyed enormous popularity and success among the consuming public as evidenced by their significant sales.

12. As a result of this widespread, continuous, exclusive and prominent use, PIL's Mark has acquired distinctive, significant goodwill and nationwide public recognition as a means by which PIL's books and publications are known to the

public and their source and origin are identified. As such, the Mark has attained and acquired secondary meaning.

### B. The Infringing Products

13. Upon information and belief, Defendants started using the Brain Games Mark in connection with a line of puzzle and brain teaser books (the "Infringing Products") in or about 2010, without PIL's authorization or consent.

14. Upon information and belief, Defendants began using the Brain Games Mark in connection with their Posh Pocket books, knowingly, willfully, intentionally and maliciously, and in order to trade on the goodwill which has been built up and acquired by PIL in the Mark and in an effort to interfere with PIL's business and in an effort to unfairly compete. The adoption of this Mark is particularly troubling in view of Defendants' position that PIL competes in the same or similar markets.

15. The Defendants' use of the "Brain Games" mark is confusingly similar to PIL's Mark and is the same mark by which the public has come to associate PIL's products.

16. Defendants distribute their Infringing Products through the same channels of trade that PIL uses, as well as the same class of customers, and competes with PIL's products sold under the Mark.

17. Defendant AMP has claimed ownership of trade dress in its Infringing Products. Defendants have demanded, in a letter from its attorneys dated December

4

7, 2010, that Plaintiff, *inter alia,* "recall" its books, and "cease any further use of any trade dress style of the Pocket Posh books."

18. In a letter dated January 11, 2011, Plaintiff's attorneys rejected the Defendants' position that it possessed any protectable trade dress rights in the commonplace appearance and design style of the Defendants' Infringing Products. On April 21, 2011, Defendants' attorneys responded by demanding that "changes to the design of [Plaintiff's] book series be made immediately." In addition, as part of Defendants' improper attempts to interfere with PIL's business opportunities in connection with its Brain Game series, Defendant AMP filed (but has not served) a lawsuit for trade dress infringement in Missouri.

19. To the extent that Defendants refer to their Infringing Products under the "Brain Games" Mark, they adopted the Mark with predatory intent <u>and</u> to capitalize on and in response to the overwhelming notoriety which has evolved in connection with PIL's books and products. It is Defendants' conduct which has confused and is likely to confuse the public, cause deception and mistake among the consuming public by creating an erroneous impression that Defendants' Infringing Products have been created, distributed, published, approved, sponsored or guaranteed by, or is in some way affiliated with, PIL. Defendants adopted Brain Games as part of their attempts to tortiously interfere with PIL's business and dilute PIL's trademarks.

20. Defendants' misappropriation of the Mark and unauthorized uses of the Mark in connection with its Infringing Products is likely to cause confusion, mistake and deception by prospective purchasers and consumers who are likely to mistakenly attribute the Infringing Products to PIL.

21. The likelihood of confusion, mistake and deception created as a result of Defendants' activities is inflicting irreparable harm to the goodwill which has been developed by PIL in the Brain Games Mark.

## FIRST CLAIM FOR RELIEF

### False Designation of Origin and False Advertising under 15 U.S.C. § 1125(a)

22. PIL repeats and realleges the allegations contained in paragraphs 1 through 21 with the same force and effect as if fully set forth herein.

23. The adoption and use of the Brain Games Mark by the Defendants constitute unfair competition as the result of the use of a false designation of origin which is likely to cause confusion, mistake or deception as to origin, sponsorship or approval, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). The acts of Defendants complained of herein also constitute an attempt to trade on the goodwill that PIL has developed in the in the Brain Games Mark, all to the damage of PIL. PIL has multiple trademark applications pending for Brain Games Mark, application nos. 85309765, 85309790, 85309808, 85074667 and for Glam to Go application no. 85306413.

24. As a direct and proximate result of the activities complained of herein, Defendants have caused PIL irreparable harm and injury to its valuable Mark, resulting in profits to Defendants to which PIL is entitled, and other damages in an amount to be proved at trial.

25. PIL has no adequate remedy at law, and will continue to be damaged by Defendants' operation of its infringing business unless this Court enjoins Defendants from any further violations of PIL's rights.

## SECOND CLAIM FOR RELIEF AGAINST AMP

### Declaratory Judgment

26. PIL repeats and realleges the allegations contained in paragraphs 1 through 25 with the same force and effect as if fully set forth herein.

27. Defendant AMP has no legal authority to enforce rights based in trade dress protection for the design or appearance of its Infringing Products under §43 of the Lanham Act, 15 U.S.C. §1125, and all rules, regulations and laws pertaining thereto.

28. Further, to the extent that the appearance of its Infringing Products possesses any trade dress, such trade dress has acquired no secondary meaning.

29. Accordingly, Defendant AMP has no rights in either state or common-law to enforce substantially similar trade dress protection rights, under the law of federal preemption.

7

30. Further, Plaintiff's Brain Games books do not infringe upon any protectable trade dress possessed by Defendant AMP in its Infringing Products under 15 U.S.C. §1125 *et seq.*

31. A judicial declaration of no trade dress protection for the appearance and design of Defendants' Infringing Product, as well as non-infringement by the Plaintiff, is necessary and appropriate in order to resolve this controversy.

32. Resolution of this dispute will require this Court to construe and interpret provisions of the Lanham Act.

33. PIL is therefore entitled to a declaratory judgment that AMP has no trade dress protection in the design and appearance of its Infringing Product.

### THIRD CLAIM FOR RELIEF

**Common Law Trademark Infringement**

34. PIL repeats and realleges the allegations contained in paragraphs 1 through 33 with the same force and effect as if fully set forth herein.

35. As a result of PIL's experience, care, and quality of its product published and distributed under the "Brain Games" and "Glam to Go" Marks, the Brain Games Mark has become widely known and has acquired a nationwide reputation for excellence. The Brain Games Mark as used in connection with the PIL product line has become exclusively associated with PIL, and has come to symbolize the reputation for quality and excellence of their product.

36. Defendants' unauthorized use of the Brain Games Mark is likely to

8

and does permit Defendants to pass off their Infringing Products to the general public as those originating with PIL all to the detriment of PIL and the unjust enrichment of Defendants. Such acts by Defendants have caused and continue to cause confusion as to the source and/or sponsorship of Defendants' Infringing Products.

37. As a direct and proximate result of the activities complained of herein, Defendants have caused PIL irreparable harm and injury to its valuable Mark, resulting in profits to Defendants to which PIL is entitled, and other damages in an amount to be proved at trial.

38. PIL has no adequate remedy at law, and will continue to be damaged by Defendants' operation of its infringing business unless this Court enjoins Defendants from any further violations of PIL's rights.

## FOURTH CLAIM FOR RELIEF AGAINST AMP

### Common Law Unfair Competition and Misappropriation

39. PIL repeats and realleges the allegations contained in paragraphs 1 through 38 with the same force and effect as if fully set forth herein.

40. As a result of PIL's experience, care, and quality of its product published and distributed under the Brain Games Mark, the Brain Games Mark has become widely known and has acquired a nationwide reputation for excellence. The Brain Games Mark as used in connection with the PIL product line has become

exclusively associated with PIL, and has come to symbolize the reputation for quality and excellence of their product.

42. Defendants, with full knowledge of the reputation of the Brain Games products, and PIL's rights in the Brain Games Mark, by adopting and using the Brain Games Mark, intended to and did trade on the goodwill associated with the Brain Games Mark.

42. Defendants' acts have and continue to mislead and deceive the public as to the course of Defendants' Infringing Products, permit and accomplish the palming off of Defendants' Infringing Products as those of PIL, and falsely suggest as connection with PIL. Therefore, Defendants have committed unfair competition in violation of the laws of the State of New York.

43. As a direct and proximate result of the activities complained of herein, Defendants have caused PIL irreparable harm and injury to its valuable Mark, resulting in profits to Defendants to which PIL is entitled, and other damages in an amount to be proved at trial.

44. PIL has no adequate remedy at law, and will continue to be damaged by Defendants' operation of its infringing business unless this Court enjoins Defendants from any further violations of PIL's rights.

## FIFTH CLAIM FOR RELIEF AGAINST AMP

### New York General Business Law § 360-l - Dilution

45. PIL repeats and realleges the allegations contained in paragraphs 1 through 44 with the same force and effect as if fully set forth herein.

46. Defendants' illegal acts as previously described have caused damage to PIL by tarnishing PIL's valuable reputation and diluting or blurring the distinctiveness of PIL's Brain Games Mark in violation of New York General Business Law § 360-l.

47. As a result of the activities complained of herein, Defendants have caused PIL irreparable harm and injury and will continue to do so unless Defendants are restrained and enjoined by this Court from further violation of PIL's rights.

48. Defendants' foregoing acts were in knowing and willful violation of New York General Business Law § 360-l.

49. PIL has no adequate remedy at law, and will continue to be damaged by Defendants' operation of its infringing business unless this Court enjoins Defendants from any further violations of PIL's rights.

## SIXTH CLAIM FOR RELIEF

### New York General Business Law § 349
### Deceptive Acts and Trade Practices

50. PIL repeats and realleges the allegations contained in paragraphs 1 through 49 with the same force and effect as if fully set forth herein.

51. Defendants' adoption and use of the Brain Games Mark, as described herein, are deceptive trade practices, causing a likelihood of confusion as to the origin, source, sponsorship and/or approval of Defendants' Infringing Products, and/or causing a likelihood of confusion or misunderstanding as to Defendants' affiliation, connection or association with PIL and/or PIL's Brain Games Mark, all in violation of New York General Business Law Section 349.

52. Defendants' acts have been willful and deliberate.

53. As a result of the activities complained of herein, Defendants have caused PIL irreparable harm and injury and will continue to do so unless Defendants are restrained and enjoined by this Court from further violation of PIL's rights.

54. PIL has no adequate remedy at law, and is further entitled to recover damages in an amount to be determined at trial, including treble actual damages, up to $1,000, and reasonable attorney's fees under New York General Business Law § 349(h).

## **PRAYER FOR RELIEF**

WHEREFORE, PIL prays for judgment against Defendants, jointly, and severally, as follows:

1. Declaring that Defendant AMP has no valid or legally cognizable, protectable, and enforceable intellectual property rights, including trade dress, in the appearance and/or design of its Infringing Products;

2. Declaring that Defendant AMP, to the extent that the appearance of its Infringing Products possesses any trade dress, such trade dress has acquired no secondary meaning;

3. Declaring that Plaintiff's Brain Games books do not infringe any legally cognizable rights that Defendant AMP may possess in connection with its Infringing Products;

4. That Defendants', their principals, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them be permanently enjoined and restrained:

    a. from using in any manner the Mark, alone or in combination with any word or words including, but not limited to "Brain Games" which so resemble the said trademark as to be likely to cause confusion, deception or mistake on or in connection with the advertising, promotion, offering for sale, or sale of any products or services not PIL's, or not authorized by PIL to be sold in connection with the Mark;

13

b. from passing off, inducing, or enabling others to sell or pass off any product or services as and for products and services produced or established by PIL, not PIL's, or not established and produced under the control and supervision of PIL;

c. from committing any acts that cause purchasers to believe that Defendants' products are those sold under the control and supervision of PIL, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of PIL;

d. from further diluting and infringing the Mark and damaging PIL's goodwill;

e. from shipping, delivering, distributing, returning or otherwise disposing of, in any manner, products, materials or inventory not manufactured by or for PIL, nor authorized by PIL to be used or sold or offered for sale, and which bear the Mark;

f. from otherwise competing unfairly with PIL or any of its authorized licensees in any manner; and

g. from assisting, aiding, or abetting any other person or business entity on engaging in or performing any of the activities referred to in the above paragraphs (a) through (f).

5. That Defendants be required to deliver up to PIL any and all products, materials, goods, circulars, menus, labels, signs, prints, packages, wrappers,

pouches, receptacles, advertising and promotional matter, and other materials in the possession of Defendants or under their control bearing the Mark, alone or in combination with any other words including, but not limited to "Brain Games", or used in connection with the advertising, promotion, offering for sale or sale of products or services not PIL's, or not made under the authorization and control of PIL;

6. That Defendants be required to supply PIL with a complete list of entities and customers from whom they purchased and to whom they sold products or services falsely bearing the Mark, alone or in combination with any other words including, but not limited to "Brain Games", or products or services not authorized by PIL to be sold in connection with the Mark, alone or in combination with any other words including, but not limited to "Brain Games";

7. That Defendants, within thirty (30) days after judgment is entered herein, be required to file with the Court and serve upon PIL a written report under oath setting forth in detail the manner in which Defendants have complied with paragraphs 4 through 6, *supra*;

8. That PIL be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including but not limited to Defendants' profits, revenues and gains realized by Defendants in an amount to be proven at trial, but in no event less than $500,000, by reason of Defendants' unlawful acts of willful

trademark infringement, dilution and unfair competition, to be enhanced pursuant to 15 U.S.C. § 1117(a);

9. That PIL be awarded its costs and attorneys fees pursuant to 15 U.S.C. § 1117(a) and the laws of the State of New York;

10. That PIL be awarded exemplary and punitive damages sufficient to punish Defendants for their malicious and intentional infringement and to deter similar misconduct by Defendants in the future.

11. That PIL be awarded such other and further relief as to this Court may seem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, PIL demands a jury trial on all triable issues that are raised in this Complaint.

Dated: May 5, 2011
       New York, New York

                    Respectfully submitted,

                    SHUKAT ARROW HAFER WEBER & HERBSMAN LLP

                    _/s/ Dorothy M. Weber_
                    Dorothy M. Weber, Esq. (DW 4734)
                    111 West 57th Street, Suite 1120
                    New York, New York 10019
                    T:   (212) 245-4580
                    F:   (212) 956-6471
                    *Attorneys for Plaintiff Publications International, Ltd.*

16