USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-15-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

PUBLICATIONS INTERNATIONAL, LTD.,

                       Plaintiff,                    11 Civ. 3075 (PKC)

    -against-

                                                    MEMORANDUM
                                                    AND ORDER

ANDREWS McMEEL PUBLISHING, LLC,
AND HUGH T. ANDREWS,

                     Defendants.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        On April 20, 2011, Andrews McMeel Publishing, LLC ("AMP") filed a complaint against Publications International, Ltd., ("PLI") in the United States District Court for the Western District of Missouri alleging that PLI distributes and sells a series of books having designs that infringe on the trade dress of AMP's "Pocket Posh" puzzle and games book series in violation of the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq*. Subsequently, on May 5, 2011, PLI filed the instant complaint against AMP and individual defendant Hugh T. Andrews, AMP's owner, arising out of the same dispute. PLI seeks a declaratory judgment that AMP has no protectable trade dress for the design of its "Pocket Posh" series and that PLI's "Brain Games" series does not infringe on any protectable trade dress. PLI also seeks redress for AMP's allegedly infringing use of PLI's "Brain Games" trademark in connection with its "Pocket Posh" series.

        At this juncture, two lawsuits that involve essentially the same parties and the same issues are being prosecuted in two separate venues. Defendants have moved to dismiss this action for improper venue, or, in the alternative, to transfer the action to the Western District of

Missouri. A logical first question, however, is which court should decide the issue of proper forum. Judges in this District follow "a bright-line rule for situations such as this: The court before which the first-filed action was brought determines which forum will hear the case." MSK Ins., Ltd. v. Emp'rs Reins. Corp., 212 F.Supp.2d 266, 267 (S.D.N.Y. 2002) (collecting cases); see Pem Am., Inc. v. Lambert, 03 Civ. 3706 (JFK), 2003 WL 22383369, *2 (S.D.N.Y. Oct. 17, 2003) ("Although this bright-line rule is largely identical to and rooted in the first filed rule, it does not provide for any special exceptions. It is a straight-forward rule to be applied in a rote manner."). "Absent such a rule, there exists the possibility of inconsistent rulings on discretionary matters as well as duplication of judicial effort." Citigroup Inc. v. City Holding Co., 97 F.Supp.2d 549, 556 n.4 (S.D.N.Y. 2000) (internal quotation marks omitted). Here, the first-filed action was brought in the Western District of Missouri.[1] As such, the Western District of Missouri is the appropriate court to decide the issue of forum.

Accordingly, the motion is GRANTED and this action is transferred to the Western District of Missouri without prejudice to the right of the parties to move in that Court to consolidate the two actions and to transfer the consolidated action to this Court. By transferring this action, the district court in the Western District of Missouri will be in a position to decide which forum is appropriate for the consolidated action.

---

[1] The filing of the Complaint, not the date of service, is the event that determines which action is "first filed." See Interwood Mktg. Ltd. v. Media Arts Intern., Ltd., 90 Civ. 4690 (LBS), 1990 WL 209432, *3 (S.D.N.Y. Dec. 12, 1990) (opining that using the time of the filing of the Complaint as the benchmark for determining which action is first-filed is not contrary to the law of the Second Circuit, follows from Rule 3, Fed. R. Civ. P., which provides that "an action is commenced by the filing of a complaint with the Court," and makes "practical sense, because the time of filing is easily ascertained by reference to the court's docket sheet, while the time of service may be the subject of dispute between the parties"); see also MSK Ins., 212 F.Supp.2d at 267 n.3 ("By 'first-filed,' we mean the action whose complaint was filed first with the relevant court . . . [t]he relative dates of service are not relevant to this inquiry." (citation omitted)).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       August 15, 2011